USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-22-10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

JEEPSTER RECORDINGS LTD.,

      **Plaintiff,**

   - against -

WORLD'S FAIR LABEL GROUP, INC.,

      **Defendant.**

------------------------------------------------------

MEMORANDUM
OPINION & ORDER

09 Civ. 2155 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

  Plaintiff Jeepster Recordings Ltd. ("Jeepster") seeks a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendant World's Fair Label Group, Inc. ("World's Fair") in this contract action. The Court has jurisdiction pursuant to 28 U.S.C § 1332(a). On March 9, 2009, Jeepster filed the instant complaint claiming breach of contract, breach of implied contractual duty of good faith and fair dealing, and accounting. World's Fair answered and conducted limited discovery. On May 11, 2009, the Parties consented to jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). On September 23, 2009, the Court granted a motion by counsel to withdraw as attorney for World's Fair . World's Fair failed to retain new counsel. On November 16, 2009, Jeepster moved for entry of a default judgment. For the following reasons, Plaintiff's Motion for Default Judgment is **GRANTED,** and the Court orders that Jeepster be awarded judgment against World's Fair as follows: (1) $148,260 in damages; and (2) post-judgment interest pursuant to 28 U.S.C. § 1961(a).

## II. BACKGROUND

  In January 2006, Jeepster and World's Fair entered into an agreement under which World's Fair would become Jeepster's North American distribution agent. Jeepster alleges that

World's Fair failed to meet is distribution, accounting, and sales obligations, and withheld contractually obligated royalties owed to Jeepster. In September 2008, Jeepster notified World's Fair that its failure to abide by the distribution agreement constituted a material breach, and terminated the relationship. This lawsuit followed. (Compl., Doc. No. 1.; *see* Aff. of Monica Pa in Supp. of Mot. For Default J. Against Defendant World's Fair Label Group Inc. ("Pa. Aff."), Nov. 16, 2009.)

When the Court granted counsel's motion to withdraw as attorney for World's Fair, it ordered World's Fair to indicate its plans for prosecuting the case and for retaining new counsel. (Order, Doc. No. 19, Sept. 23, 2009.) World's Fair failed to respond, and the Court issued an order directing World's Fair to **SHOW CAUSE** why it had failed to respond, and indicated that further unresponsiveness would result in a default judgment in favor of Jeepster. (Order, Doc. No. 21, October 19, 2009.) The Order was mailed to World's Fair's place of business, as indicated in the Complaint, and to its former attorney. On October 23, 2009, the former counsel wrote to the Court stating that World's Fair had informed him that it was "not doing business and [would] not be obtaining replacement counsel." (Pa. Aff., Ex. F., Marc E. Elliot Letter to the Court, Oct. 23, 2009.)

On November 16, 2009, Jeepster filed its motion for default seeking to recover monies that were allegedly improperly retained in breach of the distribution agreement. (Pl. Mot. For Default J., Decl. of Joanne D'Andrea ("D'Andrea Decl.") ¶ 2, Nov. 16, 2009.)[1] In support of its motion, Jeepster has submitted a declaration from its Director, an affidavit from its attorney that

---

[1] In its Complaint, Jeepster also alleges that World's Fair failed to promote and administer two albums, and harmed Jeepster after the termination of the distribution agreement. Jeepster does not seek judgment on these claims, and waives its right to seek the unliquidated damages alleged in the Complaint. (Mem. of Law in Supp. of Pl.'s Mot. For Default Judgment ("Pl.'s Mem.") at 2 n.1; D'Andrea Decl. ¶ 2.)

2

includes an exhibit demonstrating proof of service to World's Fair of the default judgment motion at its place of business, and the Clerk's Certificate of Default in accordance with Local Civil Rule 55.1.

### III. DISCUSSION

#### A. Standard for Default Judgment

A party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). Except those pertaining to damages, all well-pleaded factual allegations in the complaint are accepted as true once a default judgment is entered. *See Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993); *Coated Fabrics Co. v. Mirle Corp.*, 06 Civ. 5415 (SJ), 2008 WL 163598, at *4 (E.D.N.Y. Jan. 16, 2008). A factual allegation will be deemed not well-pleaded only in "very narrow, exceptional circumstances." *Verizon Directories Corp. v. AMCAR Transp. Corp.*, 05 Civ. 8867 (GBD) (RLE) 2008 WL 4891244, at *2 (S.D.N.Y. Nov. 12, 2008).

To state a claim for breach of contract under New York law, a plaintiff must allege: (1) the existence of an agreement; (2) the plaintiff's adequate performance of that agreement; (3) a breach by the defendant; and (4) damages. *Log On Am., Inc. v. Promethean Asset Mgmt. LLC*, 223 F. Supp. 2d 435, 451 (S.D.N.Y. 2001). In making a default judgment determination, a court may consider the following factors: (1) whether the default was willful; (2) whether the plaintiff would be prejudiced by the denial of the motion for default judgment; and (3) whether there are any meritorious defenses to plaintiff's claims. *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007); *see Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001).

In this case, the allegations in the Complaint, coupled with World's Fair's failure to retain counsel and prosecute the case, support the entering of a default judgment and a finding that Defendant is liable for breach of the distribution agreement. The complaint sets forth sufficient

3

allegations of the execution of the distribution agreement whereby World's Fair would provide distribution services to Jeepster for two years in exchange for a fee. (Compl. ¶ 15-16, 20.) Jeepster alleges that, in accordance with the agreement, it complied with its obligations, including delivering the masters of two of its artists' albums. (*Id.* ¶ 17, 31.) Jeepster also alleges a breach by World's Fair because of its failure to pay royalties and for wrongfully withholding return, manufacturing, and mechanical reserves. (*Id.* ¶ 18, 21-23, 27.) Finally, Jeepster alleges damages in the amount of $150,000 because World's Fair withheld and failed to pay royalties due under the agreement. (*Id.* ¶ 32, 43.) The allegations and facts in the Complaint are well-pled and, therefore, establish World's Fair's breach of the distribution agreement and its liability for damages.

Although World's Fair initially appeared, it has failed to retain counsel and has indicated that it does not intend to. As a corporate entity, Worlds Fair can only appear through counsel. *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2d Cir. 1983); *Stolt-Nielsen Transp. Group B.V. v. Edible Oil Trading Corp.*, No. 06 Civ. 0703 (NRB), 2007 WL 4103815, *1 (S.D.N.Y. Nov. 9, 2007). The failure to retain counsel thus constitutes a failure to appear for further proceedings. Even though default judgments are generally disfavored, World's Fair's conduct indicates that it had the capability to defend itself, and its withdrawal and cessation of prosecution was willful and voluntary. While World's Fair filed an answer and conducted some discovery, it did not raise any meritorious defenses. Finally, a denial of default judgment would prejudice Jeepster because it has actively pursued its claims to recover monies under its agreement with World's Fair, and has not contributed to the default.

**B.     Computation of Damages**

The District Court must determine the amount of damages with reasonable certainty, and it may make a determination without a hearing, "as long as it [has] ensured that there is a basis for

4

the damages specified in the default judgment." *TMS Entm't Ltd. v. Madison Green Entm't Sales, Inc.*, 03 Civ. 0517 (GBD) (RLE), 2005 WL 2063786, at *2 (S.D.N.Y. Aug. 16, 2005) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted). Specifically, this Court must determine whether Jeepster's evidence sufficiently supports the damages requested. *Id.* (referencing *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Accordingly, the Court may rely on Jeepster's affidavits or documentary evidence in determining the reasonableness of the damages requested. *Id.*

"Damages for breach of contract are determined by calculating the 'amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract.' " *Trans Atlantic Airlines, Inc. v. Kambi Travel Int'l*, 05 Civ. 2552 (RLE), 2006 WL 1317024, at *1 (S.D.N.Y. May 12, 2006) (quoting *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995). Additionally, under New York law, where the breach of contract was a failure to pay money, the plaintiff is entitled to recover the unpaid amount due under the contract plus interest. *See Scavenger, Inc. v. GT Interactive Software Corp.*, 734 N.Y.S. 2d 141, 142 (N.Y. App. Div. 2001).

Jeepster's motion is accompanied by the distribution agreement, an affidavit from its Director, and copies of accounting and royalty statements supporting its request for the entry of judgment in the amount of $148,260. According to Jeepster, World's Fair's breaches include: (1) failure to account and pay $51,087 in royalties; (2) wrongful withholding of return reserves in the amount of $4,009; (3) wrongful withholding of manufacturing reserves that total $33,261; and (4) wrongful withholding of mechanical reserves that total $59,584. (Pl.'s Mem. at 3.) The declaration adequately describes the nature of the damages and the manner by which World's Fair withheld or failed to pay the reserves and royalties. (D'Andrea Decl. ¶¶ 10-16.) An itemized

accounting of each request by date and type is accompanied by royalty statements produced by Jeepster and World's Fair. (*Id.*, Exs. A-E.) The evidence is sufficient to "ascertain the amount of damages owed with reasonable certainty," and an award of $148,260 to Jeepster will place it in the same economic position that it held prior to World's Fair's breach.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. No. 22) is **GRANTED**, and the Court orders that Plaintiff be awarded judgment against Defendant as follows: (1) $148,260 in damages; and (2) post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Clerk of the Court is hereby ordered to close this case and remove this action from the docket without prejudice to Plaintiff's ability to enforce this judgment.

**SO ORDERED this 22nd day of February 2010**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Order were mailed to:

For Defendants
World's Fair Label Group, Inc.
147 West 24th Street, 5th Fl.
New York, NY 10011
Attn: Kevin Wortis

World's Fair Label Group, Inc.
450 Union Street
Brooklyn, NY 11231
Attn: Kevin Wortis

Attorney For Plaintiff
Davis Wright Termaine LLP
Marcia Paul
Monica Pa
1633 Broadway
New York, NY 10019